IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BOBBY EARL LANG                                                                              PLAINTIFF

V.                                                                     CAUSE NO. 1:13CV12-LG-JMR

CITY OF GULFPORT, MISSISSIPPI;
JUDGE FELICIA DUNN BURKES; and
GULFPORT MUNICIPAL COURT                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Bobby Earl Lang's pleadings. At the time he filed this action, he was incarcerated with the Harrison County Adult Detention Center ("HCADC"). He seeks damages for what he claims is an illegal detention. The Court has considered and liberally construed the pleadings. As set forth below, Plaintiff Lang's claims are barred by the doctrine of judicial immunity. This case is dismissed.

### FACTS AND PROCEDURAL HISTORY

According to the Complaint, Lang was charged with a misdemeanor involving his ex-girlfriend. The charge was upgraded to a felony, and on August 10, 2012, he appeared before the Harrison County Circuit Court for an arraignment. Later that day, he was brought before the Gulfport Municipal Court on the same charge, even though it had been transferred to the Circuit Court. Presiding over the hearing was Defendant, Municipal Judge Felicia Dunn Burkes, whom he claims is his ex-girlfriend's former defense attorney. The Complaint alleges that Judge Burkes

acknowledged that she should recuse from the case, but did not. Rather, she sentenced him to serve six months in the HCADC. Then, she *sua sponte* convicted him of a failure to pay a fine. "I see you have an old fine and even though your'e [sic] not in court for it today, I'm giving you six months on it as well to be served consecutive." (Compl. 4, ECF No. 1). He claims she did this to hide him in jail so he could not prepare a defense against the pending felony trial.

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of

2

the answer." *Id.* The Court has permitted Lang to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Lang invokes 42 U.S.C. § 1983, claiming that he is illegally convicted and incarcerated in violation of due process. Because of the incarceration, he seeks compensatory and punitive damages in the amount of six million dollars "for any all [sic] jail time I've served beyond what is warranted by law." (Compl. 5). The Court finds that Lang's Section 1983 claims are barred by the doctrine of judicial immunity and should be dismissed.

*Claims Against Judge Burkes and the Doctrine of Judicial Immunity*

Judicial immunity is longstanding, well-established principle. *See Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages.") (citation omitted); *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) ("This Court has observed: 'Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction.'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). As a general matter, judicial immunity protects a judge from liability for acts or omissions done in the exercise of his judicial function or capacity within the limits of his jurisdiction. *See Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993); *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982). Moreover, "[j]udicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Mireles,* 502 U.S. at 11

3

(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* (citing *Pierson*, 386 U.S. at 554) (add'l citation omitted).

The doctrine of judicial immunity can be overcome under two sets of circumstances: (i) nonjudicial actions, which are actions not taken in the judge's judicial capacity and (ii) actions taken in the complete absence of all jurisdiction, even though they are judicial in nature. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles*, 502 U.S. at 11-12). Neither of these exceptions applies to Plaintiff Lang's case.

In determining whether Judge Burkes' sentencing of Lang could amount to a nonjudicial action, the Court considers the following factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Malina*, 994 F.2d at 1124 (citation omitted). These factors are broadly construed in favor of immunity. *Id.* They relate to the nature of the act itself and whether it is a function normally performed by a judge. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (judicial immunity "is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches.) (emphasis in original). There is no

4

indication that Lang's appearance before Judge Burkes was anything outside a standard judicial process. Lang was summoned to appear before Judge Burkes in her official capacity. Her actions in sentencing the plaintiff, either for a criminal violation or failure to pay a fine, are clearly within the range of acts normally performed by a judge. Therefore, the "nonjudicial action" exception to judicial immunity does not apply.

The second exception to the doctrine of judicial immunity is also inapplicable here. As a municipal judge, Judge Burkes has jurisdiction over municipal criminal matters, including all misdemeanors. Miss. Code Ann. § 21-23-1 *et seq.* Title 21 of the Mississippi Code establishes the municipal courts and defines their jurisdiction. Miss. Code. Ann. § 21-23-7(1) states, in pertinent part:

> The municipal judge shall have the jurisdiction to hear and determine, without a jury and without a record of the testimony, all cases charging violations of the municipal ordinances and state misdemeanor laws made offenses against the municipality and to punish offenders therefor as may be prescribed by law.

Miss. Code. Ann. § 21-23-7(1). Lang appears to allege that Judge Burkes inappropriately sentenced him because his charge had been transferred to state court.

The United States Supreme Court has held that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, *or was*

5

*in excess of his authority*; rather, he will be subject to liability only when he has acted in the *clear absence of all* jurisdiction.'" *Id.* at 356-57 (citation omitted) (emphasis added); *see also Mireles*, 502 U.S. at 12-13 ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was . . . in excess of his authority.") (citation and internal quotations omitted).

Lang submits that the criminal charge against him was, at least initially, a misdemeanor charge. As set forth above, municipal courts have statutory jurisdiction over "all cases charging violations of the municipal ordinances and state misdemeanor laws." Miss. Code. Ann. § 21-23-7(1). It is possible that, if the charge was converted to a felony, the Circuit Court would have had proper jurisdiction. However, this Court does not find that Judge Burkes was acting in the *clear* absence of *all* jurisdiction when she sentenced Lang, who had an outstanding fine and appeared before her on what had been a misdemeanor charge. Again, where judicial immunity is the issue, jurisdiction is to be construed broadly. "Some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, or that of the court held by him, or the manner in which jurisdiction shall be exercised." *Bradley v. Fisher*, 80 U.S. 335, 352 (1871). Even if Judge Burkes acted in excess of her jurisdiction (and this Court makes no finding that she did so), she is not be liable for civil damages. *Id.* at 351.

Additionally, Lang's accusation that Judge Burkes acted with some personal

motive against him is also insufficient to overcome judicial immunity. *See Ballard*, 413 F.3d at 515 ("Judicial immunity is not overcome by allegations of bad faith or malice and "*applies even when the judge is accused of acting maliciously and corruptly*.") (citation omitted) (emphasis in original). Accordingly, Plaintiff Lang's claims against Judge Burkes are dismissed.

*Claims against the City of Gulfport and Gulfport Municipal Court*

Lang also names the City of Gulfport and the Gulfport Municipal Court as defendants. First, the claims against the Gulfport Municipal Court should be dismissed because the Court does not have a legal existence separate from the City of Gulfport. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (in order for a plaintiff to sue a city department, it must have a separate legal existence). This Court has previously held that the Municipal Court is not a political subdivision in and of itself, but rather is merely a department of the City of Gulfport. *See Bryant v. Municipal Court of Gulfport, Miss.*, No. 1:12-cv-2-HSO-JMR, 2012 WL 4434675 at *5 (S.D. Miss. Sept. 24, 2012).

Finally, to state a claim against a municipality such as the City of Gulfport, a plaintiff must show his injury was caused by (1) "a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers," or (2) "a persistent widespread practice of city officials or employees, which … is so common and well settled as to constitute a custom that fairly represents municipal policy." *Bennett v. City of Slidell*, 735 F.2d

861, 862 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). This Court has determined that Judge Burkes's acts are protected by judicial immunity, and all of Lang's clams are based on her judicial decisions. Therefore, there is no basis for the City's liability. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (actions by municipal judge did not subject City to liability under § 1983; stating that "we have repeatedly held . . . that a municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker.") (citations omitted); *Jefferson v. City of Hazlehurst*, 936 F. Supp. 382, 390-91 (S.D. Miss. 1995) (municipal judge protected by judicial immunity and claims against municipality dismissed). Accordingly, Lang's claims against the City of Gulfport and the Gulfport Municipal Court are dismissed.

## CONCLUSION

Plaintiff Lang's claims against Judge Burkes are barred by the doctrine of judicial immunity, and there is no basis for municipal liability against the City of Gulfport. This action under Section 1983 is dismissed with prejudice for failure to state a claim. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITH PREJUDICE**

8

for failure to state a claim. This dismissal counts as a strike pursuant to Section 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 18th day of June, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE